MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
REX GARNER, ESQ.
Nevada Bar No. 9401
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email:  melanie.morgan@akerman.com
        christine.parvan@akerman.com
        rex.garner@akerman.com

*Attorneys for Plaintiff Nationstar Mortgage LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CASITAS ON THE GREEN HOMEOWNERS' ASSOCIATION and THUNDER PROPERTIES, INC., | |
| Defendants. | |

Plaintiff Nationstar Mortgage LLC (**Nationstar**) complains as follows:

**PARTIES AND JURISDICTION**

1.      This Court has subject matter jurisdiction' pursuant to 28 U.S.C. § 1332.  Nationstar is a citizen of Delaware and Texas, and none of the defendants is a citizen of Delaware or Texas. The amount in controversy exceeds $75,000.00.

2.      Nationstar is a Delaware limited liability company.  Nationstar's members are Nationstar Sub1 LLC (**Sub1**) and Nationstar2 LLC (**Sub2**).  Both Sub1 and Sub 2 are Delaware limited liability companies.  Sub1 and Sub2 are both wholly-owned by Nationstar Mortgage Holdings, Inc. (**NSM**).  NSM is a corporation formed pursuant to the laws of the state of Delaware with its principal place of business located in Lewisville, Texas.  Nationstar is a citizen of the states of Delaware and Texas for purposes of diversity of citizenship.  The diversity of citizenship requirement is met.  *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th

Cir. 2014).  Defendants Casitas on the Green Homeowners' Association (**Casitas**) and Thunder Properties, Inc. (**Thunder**) are not citizens of Delaware and Texas.  The amount in controversy requirement is met.  Nationstar seeks a declaration that its deed of trust, which secures a loan with a principal balance of $235,747.51, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for Thunder's claim to title to the real property sub judice.

3.  Defendant Casitas is, on information and belief, a Nevada non-profit corporation with its principal place of business in Nevada.  Nationstar is informed and believes and therefore alleges that Casitas is the purported beneficiary under an alleged homeowners' association lien recorded May 14, 2013.  Nationstar is informed and believes and therefore alleges that Casitas foreclosed on the lien on March 18, 2014.

4.  Defendant Thunder is, on information and belief, a Nevada for-profit corporation with its principal place of business in Nevada.  Nationstar is informed and believes and therefore alleges that Thunder purchased the property at the HOA foreclosure sale, acquiring title via a trustee's deed upon sale recorded March 28, 2014.

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for reasons stated above.

6.  Venue is proper in this Court and the unofficial Northern Division of the District under 28 U.S.C. § 1391.  The property that is the subject of this action is located at 5593 Churchill Green Drive, Sparks, Nevada 89436 (**the property**).  Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) because defendants are residents of this District, this action seeks to determine an interest in property located within Washoe County, Nevada, and because this lawsuit arises out of a foreclosure of real property located within Nevada.

7.  The pre-litigation dispute resolution process set forth in NRS 38.300 *et seq.* is not applicable to this action and cannot restrict the jurisdiction of this Court.  To the extent any requirement of the statute is applicable to any portion of the claims asserted herein, that requirement has been constructively exhausted and further resort to administrative remedies would be futile because Nationstar submitted a demand for mediation to Nevada Real Estate Division (**NRED**) on or about December 31, 2015, but NRED has failed to schedule the mediation in the time period

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   required by NRS 38.330(1).

2   <u>**GENERAL ALLEGATIONS**</u>

3   8.    Under Nevada state law, homeowners' associations have the right to charge property

4   owners residing within the community assessments to cover the homeowners' associations' expenses

5   for maintaining or improving the community, among other things.

6   9.    When these assessments go unpaid, the association may impose a lien and then

7   foreclose on a lien if the assessments remain unpaid.

8   10.   NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a

9   homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its

10  monthly assessments.

11  11.   NRS 116.3116 makes a homeowners' association lien for assessments junior to a first

12  deed of trust beneficiary's secured interest in the property, with one limited exception: a

13  homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the

14  extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the

15  extent of the assessments for common expenses based on the periodic budget adopted by the

16  association pursuant to NRS 116.3115 which would have become due in the absence of acceleration

17  during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS

18  116.3116(2)(c).

19  The Deed of Trust and Assignment

20  12.   On or about September 16, 2003 Walter Coopman and Janet Coopman (**the**

21  **Coopmans**) purchased the property.  The Coopmans refinanced ownership of the property by way of

22  a loan in the amount of $236,250.00 evidenced by a note and secured by a deed of trust (the **senior**

23  **deed of trust**) recorded June 21, 2006.  A true and correct copy of the senior deed of trust is

24  recorded with the Washoe County Recorder as **Instrument No. 3233280**.

25  13.   The senior deed of trust was assigned to Nationstar via an assignment of deed of trust.

26  A true and correct copy of the assignment is recorded with the Washoe County Recorder as

27  **Instrument No. 4351697**.

28

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

3

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

The HOA Lien and Foreclosure

14.     On May 14, 2013, Casitas, through its agent, Assessment Management Services (**AMS**), recorded a notice of delinquent assessment lien.  Per the notice, the amount due to Casitas was $2,561.14, which may have included "assessments, late fees, special assessments, fines, collection fees, trustee fee, and interest."  A true and correct copy of the notice of lien is recorded with the Washoe County Recorder as **Instrument No. 4236604**.

15.     On October 3, 2013, Casitas, through its agent AMS, recorded a notice of default and election to sell to satisfy the delinquent assessment lien.  The notice states the amount due to Casitas was $4,131.16, which may have included "assessments, late fees, special assessments, collection fees, trustee fees, and interest."  A true and correct copy of the notice of default is recorded with the Washoe County Recorder as **Instrument No. 4286452**.  The notice of default also does not specify the super-priority amount claimed by Casitas and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

16.     On February 14, 2014, Casitas, through its agent AMS, recorded a notice of trustee's sale.  The trustee's sale was scheduled for March 18, 2014.  The notice states the amount due to Casitas was $6,882.13, which includes "total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale" and may have included "assessments, late fees, special assessments, collection fees, and interest."  A true and correct copy of the notice of sale is recorded with the Washoe County Recorder as **Instrument No. 4326443**.  The notice of sale does not identify the super-priority amount claimed by Casitas and fails to describe the amount necessary to satisfy the lien required by NRS 116.311635(3)(a).

17.     In none of the recorded documents nor in any notice did Casitas or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

18.     In none of the recorded documents did Casitas or its agent identify the amount of the alleged lien that was for late fees, interest, fines/violations, or collection fees/costs.

19.     In none of the recorded documents nor in any notice did Casitas or its agent specify

4

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

20.    In none of the recorded documents nor in any notice did Casitas or its agent specify that the senior deed of trust would be extinguished by Casitas's foreclosure.

21.    In none of the recorded documents nor in any notice did Casitas or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of Casitas's claimed lien.

22.    On information and belief, had Nationstar or anyone else attempted to tender the amounts due under Casitas's claimed lien, Casitas or its agent would have rejected the attempted tender.

23.    Casitas conducted a foreclosure sale on the property on or about March 18, 2014.  A trustee's deed upon sale in favor of Thunder was recorded March 28, 2014.  A true and correct copy of the foreclosure deed is recorded with the Washoe County Recorder as **Instrument No. 4338862**.

24.    Upon information and belief, AMS wrote in the foreclosure deed that the sale price at the March 18, 2014 foreclosure sale was $13,100.00.  Casitas's sale of the property to Thunder for less than six percent of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

## FIRST CAUSE OF ACTION

### (Quiet Title/Declaratory Judgment Against All Defendants)

25.    Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

26.    Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

27.    An actual controversy has arisen between Nationstar and defendants regarding the property.  The senior deed of trust is a first secured interest on the property.  As a result of the March 18, 2014 HOA foreclosure sale, Thunder claims an interest in the property, and on information and belief, asserts that Thunder owns the property free and clear of the senior deed of trust.

28.     Nationstar's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

29.     Nationstar is entitled to a declaration that Casitas's foreclosure did not extinguish the senior deed of trust, or, alternatively, Casitas's foreclosure is void.

### NRS Chapter 116 Violates Nationstar's Right to Procedural Due Process

30.     Nationstar asserts that Chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates Nationstar's procedural due process rights under the state and federal constitutions.

31.     The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protect Nationstar from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

32.     Nationstar asserts that there is no way to apply Nevada's scheme of non-judicial HOA super priority foreclosure that complies with Nevada's and the United States' respective guarantees of procedural due process.

33.     The Nevada Constitution does not expressly set forth a state action requirement. Even if it did, and consistent with the state action requirements of the Federal Constitution, the state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for Nationstar's deed of trust apply, to wit:

   a)     The super priority lien did not exist at common law, but rather is imposed by statute.

   b)     In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super priority mandatory, expanded the super-priority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions.

   c)     The super priority lien has no nexus whatsoever to a private agreement between the Casitas and Nationstar, but, again, is imposed by legislative enactment.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

6

d)      Nevada and Washoe County mandated the creation of Casitas as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the Casitas community.

34.      Since the state of Nevada is responsible for the creation of the super priority lien and has made it mandatory, then the state of Nevada's HOA super priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

35.      On its face, Nevada's scheme of non-judicial HOA super priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

a)      NRS 116.31162 and NRS 116.311635 do not require that an HOA provide senior deed holders like Nationstar with written notice of the sum that constitutes the super priority portion of the assessment lien.

b)      Chapter 116 of NRS seeks to insulate its scheme of super priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

c)      Chapter 116 of NRS fails to provide senior deed holders like Nationstar with a statutorily enforceable mechanism to compel an HOA to inform Nationstar of the sum of the HOA super priority amount.

36.      Nationstar requests that this Court void the HOA foreclosure sale or declare that Thunder's title was acquired subject to the senior deed of trust because NRS 116's scheme of HOA super priority foreclosure violates the procedural process clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

37.      The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

38.      The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

7

calculated, when payment on the super-priority component was required, where payment was to be made, or the consequences for failure to pay the super-priority component.  Alternatively, the foreclosure sale is void.

39.    The foreclosure sale did not extinguish the senior deed of trust because, on information and belief, Casitas or its agent would have rejected any tender of the amounts entitled to super-priority and Nationstar or its predecessors in interest were not required to make a futile attempt to tender.  Alternatively, the foreclosure sale is void.

40.    The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper prospective purchasers, and a foreclosure sale that was designed or intended to result in maximum profit for Casitas, its agent, and Thunder at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

41.    The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Nationstar's rights to due process, as a result of Casitas's failure to provide sufficient notice of the super-priority component of Casitas's lien, the manner and method to satisfy it, and the consequences for failing to do so.  Alternatively, the foreclosure sale is void.

42.    The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Nationstar's rights to due process, as a result of Casitas's improper calculation of the super-priority component and its inclusion of charges that are not part of the super-priority lien under Nevada law.  Alternatively, the foreclosure sale is void.

43.    The foreclosure sale did not extinguish the senior deed of trust because Thunder does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, and the commercial unreasonableness of the HOA sale. Alternatively, the foreclosure sale is void.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

44.     Nationstar is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

45.     Nationstar was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of NRS 116.1113 against Casitas)

46.     Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

47.     NRS 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

48.     Casitas's recorded Covenants, Conditions & Restrictions (CC&Rs) contain a mortgage protection clause which represents that Casitas's entire lien will be subordinate to the senior deed of trust.

49.     NRS Chapter 116 requires Casitas and its agent AMS to comply with the obligations of the CC&Rs, including the mortgage protection clause.

50.     In making the representation in the CC&Rs that its lien would be subordinate to a senior deed of trust, Casitas undertook a duty to inform lenders and loan servicers like Nationstar that its representation regarding the priority of liens in the CC&Rs was false, and to Nationstar a reasonable opportunity to protect their interests in the property.

51.     Casitas also undertook a duty to identify the super-priority amount to lenders and loan servicers like Nationstar, to notify them that their security interest was at risk, and to provide an opportunity to satisfy the super-priority amount to protect such security interests in the property.

52.     Casitas and its agent AMS breached their duty of good faith by not complying with the obligations in the CC&Rs that the HOA's lien would be subordinate to the senior deed of trust, by not informing Nationstar that its representation in the CC&Rs regarding the priority of liens was false, by not identifying the super-priority amount of its lien for Nationstar, by not notifying Nationstar its security interest was at risk, and by obstructing Nationstar's ability to protect its security interest in the property.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

53.     If it is determined Casitas's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Casitas's and its agent AMS's breach of its obligation of good faith will cause Nationstar to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA foreclosure sale, whichever is greater.

54.     Nationstar was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### (Wrongful Foreclosure against Casitas)

55.     Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

56.     To the extent defendants contend or the Court concludes Casitas's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

57.     Because Casitas failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

58.     Because Casitas sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

59.     Because Casitas violated the representation in the CC&Rs that its lien would be subordinate to a senior deed of trust, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

60.     Because Casitas violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

61.     If it is determined Casitas's foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Casitas's actions

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   will cause Nationstar to suffer general and special damages in the amount equal to the fair market

2   value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of

3   the sale, whichever is greater.

4        62.    Nationstar was required to retain an attorney to prosecute this action, and is therefore

5   entitled to collect its reasonable attorneys' fees and costs.

6   **FOURTH CAUSE OF ACTION**

7   **(Injunctive Relief against Thunder)**

8        63.    Nationstar repeats and re-alleges the preceding paragraphs as though fully set forth

9   herein and incorporates the same by reference.

10       64.    Nationstar disputes Thunder's claim to own the property free and clear of the senior

11  deed of trust.

12       65.    Any sale or transfer of the property by Thunder, prior to a judicial determination

13  concerning the respective rights and interests of the parties to this case, may be rendered invalid if

14  the senior deed of trust still encumbers the property in first position and was not extinguished by the

15  HOA foreclosure sale.

16       66.    Nationstar has a substantial likelihood of success on the merits of the complaint, and

17  damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide

18  purchaser or loss of the first position priority status secured by the property.

19       67.    Nationstar has no adequate remedy at law due to the uniqueness of the property

20  involved in this case and the risk of the loss of the senior security interest.

21       68.    Nationstar is entitled to a preliminary injunction prohibiting Thunder, or its

22  successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property

23  that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

24       69.    Nationstar is entitled to a preliminary injunction requiring Thunder to pay all taxes,

25  insurance, and homeowner's association dues during the pendency of this action.

26  . . .

27  . . .

28  . . .

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**PRAYER FOR RELIEF**

Nationstar requests the Court grant the following relief:

1.      An order declaring that Thunder purchased the property subject to Nationstar's senior deed of trust;

2.      In the alternative, an order that the HOA foreclosure sale, and any resulting foreclosure deed, was void ab initio;

3.      In the alternative, an order requiring Casitas to pay Nationstar all amounts by which it was damaged as a result of Casitas's wrongful foreclosure or violation of the good faith provisions of NRS 116.1113;

4.      A preliminary injunction prohibiting Thunder, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5.      A preliminary injunction requiring Thunder to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

6.      Reasonable attorneys' fees as special damages and the costs of suit; and

7.      For such other and further relief the Court deems proper.

DATED July 12, 2016.

AKERMAN LLP

/s/ *Melanie D. Morgan*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
REX GARNER, ESQ.
Nevada Bar No. 9401
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Plaintiff Nationstar Mortgage LLC*

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572